**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| *ex rel.*, BRIAN D. HOLBROOK : | Case No. 2:13-CV-873 |
| : | |
| **Plaintiff,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Deavers |
| THE BRINK'S COMPANY, *et al.*, : | |
| : | |
| **Defendants.** : | |

**OPINION & ORDER**

This matter is before the Court on the Motion for Summary Judgment of Defendants Walter Luhrman and Jackson Metals, LLC ("Jackson Metals"). (Doc. 89.) Plaintiff Brian D. Holbrook asks the Court to deny the Motion without prejudice as premature because the parties have been engaged in mediation rather than active discovery efforts. (Doc. 90 at 1.) In the alternative, Holbrook asks that the Court defer a ruling on the motion until the Court has determined that the parties' mediation efforts were unsuccessful or, at a minimum, that he be granted an additional 90 days to conduct discovery on the issues raised in the Motion for Summary Judgment. (*Id.* at 1-2.) For the reasons that follow, the Court **DENIES** the Motion for Summary Judgment without prejudice.

This False Claims Act case was transferred to this Court from the District of New Jersey on September 24, 2013. After the parties requested a settlement conference, Chief Judge Sargus was assigned to mediate the case. On October 18, 2013, the Magistrate Judge issued a scheduling order setting a deadline for the completion of discovery by August 1, 2014. (Doc. 62 at 2-3.) After an initial mediation conference, the parties jointly moved to vacate the previous scheduling order because although they were unable to reach a settlement at that time, they had

1

not yet conducted any discovery and hoped that they could resume settlement discussions after the Court's ruling on Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. 71.) The Court vacated the scheduling order. (Doc. 72.) Subsequently, the Court granted in part and denied in part the motion to dismiss (Doc. 74.) at which time the parties again held two mediation conferences before Chief Judge Sargus in May 2015 and November 2015 and engaged in limited discovery. (Doc. 82.) Since that time, there have been no further status conferences or mediation conferences and the Court has issued no additional scheduling orders. A mediation status conference is currently scheduled with Chief Judge Sargus for April 21, 2016. (Doc. 88.)

On March 1, 2016, Defendants Jackson Metals and Luhrman, the owner of Jackson Metals, filed their motion for summary judgment, relying on the fact that the Court's earlier order on the motion to dismiss determined that the pre-Fraud Enforcement and Recovery Act version of the False Claims Act applied to any conduct alleged prior to May 20, 2009 while the post-FERA version of the False Claims Act applied to any conduct alleged after May 20, 2009. (Doc. 89 at 3.) The Court then held that Plaintiff had failed to allege a claim for pre-FERA liability for conspiracy but had pleaded sufficient facts to survive a motion to dismiss on the post-FERA claim. (*Id.*) Defendants now assert that they are entitled to summary judgment because the sole pending claim against Luhrman and Jackson Metals is a post-FERA conspiracy claim, that is, a claim that a conspiracy occurred after May 20, 2009, and Defendants maintain that the company ceased to exist before that date. (*Id.*)

Plaintiff respond that the motion is premature because due to the mediation efforts of the parties there has been very little discovery taken to date. Specifically, in an affidavit accompanying their response in opposition to the summary-judgment motion, Plaintiff's counsel

states that the parties have engaged in limited document production but have taken no depositions. They also contend that the documents that the parties have produced are not related to the question of whether Jackson Metals ceased to exist in 2009. Defendants Luhrman and Jackson Metals counter that Plaintiff knew that the continued existence of Jackson Metals was a subject of the litigation because Jackson and Luhrman asked Plaintiff in January 2015 to dismiss them voluntarily from the suit on the ground that Jackson had ceased operations in March 2009. (Doc. 91 at 4.) Defendants state that they have provided discovery to Plaintiff and that Plaintiff has not put forth any evidence of post-FERA activities by Jackson Metals; therefore, they argue that they should not have to bear the continued expense of this prolonged litigation are entitled to a grant of summary judgment. (*Id.* at 5.)

Federal Rule of Civil Procedure 56(d) provides, in relevant part, that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it." The affidavit or declaration must "indicate to the district court [the party's] need for discovery, what material facts [the party] hopes to uncover, and why [the party] has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000) (citing *Radich v. Goode*, 886 F.2d 1391, 1393-94 (3d Cir. 1989)).

The Court acknowledges that this litigation has been lengthy and that Plaintiff has known that Jackson Metals and Luhrman have sought dismissal on the ground that Jackson Metals ceased operations before FERA was enacted. But since the parties have been engaged in settlement negotiations and, accordingly, the Court had not set a new deadline for the completion of discovery, Plaintiff is entitled to additional time to seek evidence that would bolster its argument that Jackson Metals had not, in fact, ceased its operations at the time FERA was

3

4

enacted.  If the parties' April 21, 2016 telephonic mediation status conference with Chief Judge Sargus is not productive as to settlement, the parties will be granted a limited amount of time to conclude discovery and file dispositive motions so as to advance this litigation in as timely a fashion as possible.

Defendants' Motion for Summary Judgment is **DENIED without prejudice** under Rule 56(d).  The parties are **DIRECTED** to confer with the Magistrate Judge by April 28, 2016, seven days after the April 21, 2016 telephonic status conference with Chief Judge Sargus.  The Magistrate Judge will then issue a case scheduling order containing deadlines for the conclusion of discovery and the filing of dispositive motions.

**IT IS SO ORDERED.**

                                                    s/ Algenon L. Marbley
                                         **ALGENON L. MARBLEY**
                                         **UNITED STATES DISTRICT JUDGE**

**DATED:  April 6, 2016**